BENNETT BRICKLIN & SALTZBURG, LLC
Joseph DeDonato Esq.
Bar No. 2333037
Attorney for Defendants
Aramark Correctional Services, LLC.,
Charles Butler, Coffey Kohli, Penny Stewart,
Craig Boissy, Westchester County and Kevin Cheverko
40 Wall Street, Suite 1002
New York, New York 10005
(646) 565 5043
joseph.dedonato@bbs-law.com

<div style="border:1px solid black">
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___5/25/2021___
</div>

**MEMO ENDORSED**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| FRANKLIN MATEO, | : | DOCKET # 7:18-cv-03499-NSR |
| | : | |
| Plaintiff, | : | The Honorable Nelson Stephen Román |
| | : | |
| v. | : | NOTICE OF MOTION |
| | : | |
| WESTCHESTER COUNTY; WESTCHESTER | : | |
| COUNTY DEPARTMENT OF CORRECTIONS | : | |
| COMMISSIONER KEVIN M. CHEVERKO; | : | |
| ARAMARK CORRECTIONAL SERVICES LLC; | : | May 21, 2021 |
| ARAMARK FOOD SERVICE DIRECTOR | : | |
| MANUEL MENDOZA; ARAMARK KITCHEN | : | |
| CIVILIAN CHARLES; ARAMARK KITCHEN | : | |
| CIVILIAN COLEY; ARAMARK KITCHEN | : | |
| CIVILIAN PENNY; ARAMARK KITCHEN | : | |
| CIVILIAN CRAIG, | : | |
| Defendants. | : | |

PLEASE TAKE NOTICE, that upon the accompanying Memorandum of Law, and upon

all pleadings hereto filed in this action, Defendants, Aramark Correctional Services, LLC, Manual

Mendoza, Charles Butler, Coffey Kohli, Penny Stewart, Craig Boissy, Kevin Cheverko and

Westchester County by their attorneys, Bennett, Bricklin & Saltzburg, LLC., will move this Court

before the Honorable Nelson Stephen Román at the United States Courthouse, 300 Quarropas Street, in White Plains, New York on a date and at a time designated by the Court, for an order granting the Moving Defendants' Motion to Dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure on the grounds that the Plaintiff has failed to comply with the deposition requirement and stated that he wants to withdraw his lawsuit, and for such other and further relief as this Court deems just and proper.

Dated:  New York, New York
       May 21, 2021

                       Respectfully submitted,

                    BY: *Joseph DeDonato, Esq.*
                      Joseph DeDonato Esq.
                      Bar No. 2333037
                      Attorney for Defendants
                      Aramark Correctional Services, LLC.,
                      Charles Butler, Coffey Kohli, Penny Stewart,
                      Craig Boissy, Westchester County and Kevin
                      Cheverko
                      40 Wall Street, Suite 1002
                      New York, New York 10005
                      (646) 565 5043
                      joseph.dedonato@bbs-law.com

*Via Regular Mail:*
Franklin Mateo
18-A-2593
Orleans Correctional Facility
3531 Gaines Basin Rd.
Albion, NY 14411-9199

Plaintiff is directed to respond to Defendants' motion to dismiss on or before June 15, 2021. Plaintiff's failure to timely oppose the motion will result in the motion being resolved without opposition. The Clerk of Court is directed to mail a copy of this memorandum endorsement to pro se Plaintiff at the address on ECF and show service on the docket.

Dated: May 25, 2021
      White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

BENNETT BRICKLIN & SALTZBURG, LLC
Joseph DeDonato Esq.
Bar No. 2333037
Attorney for Defendants
Aramark Correctional Services, LLC.,
Charles Butler, Coffey Kohli, Penny Stewart,
Craig Boissy, Westchester County and Kevin Cheverko
40 Wall Street, Suite 1002
New York, New York 10005
(646) 565 5043
joseph.dedonato@bbs-law.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| FRANKLIN MATEO, | : | DOCKET # 7:18-cv-03499-NSR |
| | : | |
| Plaintiff, | : | The Honorable Nelson Stephen |
| | : | Román |
| | : | |
| v. | : | Memorandum of Law in Support of |
| | : | Motion to Dismiss Pursuant to |
| WESTCHESTER COUNTY; WESTCHESTER | : | F.R.C.P. 41(b) |
| COUNTY DEPARTMENT OF CORRECTIONS | : | |
| COMMISSIONER KEVIN M. CHEVERKO; | : | |
| ARAMARK CORRECTIONAL SERVICES LLC; | : | May 21, 2021 |
| ARAMARK FOOD SERVICE DIRECTOR | : | |
| MANUEL MENDOZA; ARAMARK KITCHEN | : | |
| CIVILIAN CHARLES; ARAMARK KITCHEN | : | |
| CIVILIAN COLEY; ARAMARK KITCHEN | : | |
| CIVILIAN PENNY; ARAMARK KITCHEN | : | |
| CIVILIAN CRAIG, | : | |
| Defendants. | : | |

---

## MEMORANDUM OF LAW SUBMITTED BY ARAMARK CORRECTIONAL SERVICES, LLC., MANUAL MENDOZA, CHARLES BUTLER, COFFEY KOHLI, PENNY STEWART, CRAIG BOISSY, WESTCHESTER COUNTY AND KEVIN CHEVERKO IN SUPPORT OF THEIR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

By: _Joseph DeDonato_ _____

Joseph DeDonato Esq.
Bar No. 2333037
Attorney for Defendants
Aramark Correctional Services, LLC.,
Charles Butler, Coffey Kohli, Penny Stewart,
Craig Boissy, Westchester County and Kevin Cheverko
40 Wall Street, Suite 1002
New York, New York 10005
(646) 565 5043
joseph.dedonato@bbs-law.com

Date: May 21, 2021

# TABLE OF CONTENTS

**Table of Authorities**………………………………………………………………………..4

**Introduction**………………………………………………………………………………5

**Procedural History**………………………………………………………………….……5

**Statement of Facts**………………………………………………………………….……7

**Legal Argument**………………………………………………………...………….12

     **A. Standard for Dismissal**………………………………………………………..12

        **i.**      **Duration**……………………………………………………….……14

        **ii.**     **Notice**……………………………………………………...……15

        **iii.**    **Prejudice**……………………………………………………16

        **iv.**    **Balance Between Calendar Congestion and Opportunity to be Heard**…16

        **v.**     **Consideration of Lesser Sanctions**………………………...……17

**Conclusion**……………………………………………………………………...………18

# TABLE OF AUTHORITIES

## Cases

Antonios A. Alevizopoulos and Assocs., Inc. v. Comcast Int'l Holdings, Inc., 2000 U.S. Dist.
 LEXIS 16154, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) ........................................... 14

Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 667 (2d Cir. 1980) .................................... 15, 17

Copeland v. Rosen, 194 F.R.D. 127, 131-32 (S.D.N.Y. 2000).................................................... 14

Davis v. United Fruit Co., 402 F.2d 328, 331 (2d Cir. 1968)...................................................... 16

Dodson v. Runyon, 957 F. Supp. 465, 470 (S.D.N.Y. 1997) ...................................................... 17

Feurtado v City of NY, 225 F.R.D. 474, 477 (S.D.N.Y. 2004)........................................ 13, 16, 17

Graham v. Sullivan, 1999 U.S. Dist. LEXIS 17172, 1999 WL 1006181, at *2 (S.D.N.Y. Nov. 5,
 1999)......................................................................................................................................... 15

Harding v. Fed. Reserve Bank, 707 F.2d 46, 50 (2d Cir. 1983) ................................................ 13

Hutchins v. A.G. Edwards & Sons, Inc., 116 F.3d 1256, 1260 (8th Cir. 1997) .......................... 15

Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)....................................................... 13

Kearney v. City of New York, 2003 U.S. Dist. LEXIS 20364, 2003 WL 22682721, at *1-*2
 (S.D.N.Y. Nov. 6, 2003) .......................................................................................................... 15

Link v. Wabash R.R. Co., 370 U.S. 626, 633, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962) .............. 13

Lopez v. Catholic Charities of the Archdiocese, 2001 U.S. Dist. LEXIS 387, 2001 WL 50896, at
 *4 (S.D.N.Y. Jan. 22, 2001)..................................................................................................... 15

Lucas v. Miles, 84 F.3d 532, 535-36 (2d Cir. 1996).................................................................... 16

Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)................................................... 13

Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)................................................................. 7, 8

Monge v. O'Connor, 171 F.R.D. 55, 57 (W.D.N.Y. 1997).......................................................... 16

Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993) .............................................. 14, 15

Shannon v. GE, 186 F.3d 186, 194 n.6 (2d Cir. 1999) ................................................................ 14

Smith v. Human Resources Admin., 2000 U.S. Dist. LEXIS 5373, 2000 WL 307367, at *3
 (S.D.N.Y. Mar. 24, 2000).......................................................................................................... 17

United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004) ....... 15, 16, 17

Yacub v. Coughlin, 105 F.R.D. 152, 153 (S.D.N.Y. 1985).......................................................... 17

## Statutes

42 U.S.C. § 2000 cc-1 (2006) ....................................................................................................... 7

42. U.S.C. § 1983........................................................................................................................ 7, 8

## Rules

Fed. R. Civ. P. 41(b) ............................................................................................................. passim

## Constitutional Provisions

Eighth Amendment ................................................................................................................ 7, 8, 9

First Amendment ...................................................................................................................... 7, 8

Fourteenth Amendment ................................................................................................................. 8

## INTRODUCTION

Defendants, Aramark Correctional Services, LLC, Manual Mendoza, Charles Butler, Coffey Kohli, Penny Stewart, Craig Boissy, Kevin Cheverko and Westchester County (the "Moving Defendants") respectfully submit this Memorandum of Law in support of their Motion to Dismiss Plaintiff's Complaint and each claim asserted therein pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  Plaintiff, Franklin Mateo, brings this *pro se* action generally alleging that he was served inadequate food while a pretrial detainee at Westchester County Jail.

In this Memorandum of Law, Moving Defendants will demonstrate that the allegations against the Defendants in the Complaint are insufficient to state a cause of action because, under the Federal Rules of Civil Procedure, Plaintiff has failed to comply with the deposition requirement and stated that he wants to withdraw his lawsuit. Fed. R. Civ. P. 41(b).

## PROCEDURAL HISTORY

Plaintiff, Franklin Mateo, initially filed this Complaint along with five other *pro se* inmates. See Docket No. 7:18-cv-00244, Entry # 6.[1]  On August 31, 2018, in accordance with Your Honor's individual rules of practice, counsel for Westchester County and Kevin Cheverko filed a pre-motion letter requesting leave to file the subject Motion to Dismiss.  See Docket Entry # 30.  On August 25, 2018, a pre-motion letter was filed on behalf of Aramark Correctional Services, LLC and the individually named Aramark Defendants.  See Docket Entry # 28.  Both pre-motion letters were granted and all Defendants were given leave to serve their Motions to Dismiss by April 26, 2019.  See Docket Entry # 35.  Defendants filed their Motion to Dismiss on October 25, 2019.  See Docket Entry # 39.  On September 29, 2020, the Court granted Defendants' motion in part and

---

[1] On April 17, 2018, the Court severed the cases and Mr. Mateo's case was assigned Docket No: 7:18-cv-03499-NSR. Since the cases were severed from a single Complaint, the subject motion addresses facts relative to Mr. Mateo, as he is the only Plaintiff in this severed matter.

denied it in part. See Docket Entry # 49. Plaintiff's claim asserted pursuant to RLUIPA was dismissed with prejudice. See Id. Also, claims asserted pursuant to RFRA were dismissed with prejudice as to the state entity and dismissed without prejudice as to the individually named Defendants. See Id.  Plaintiff's First Amendment Free Exercise Clause claims were dismissed without prejudice. See Id.  Additionally, Plaintiff's Eighth Amendment failure to intervene claims were dismissed without prejudice only as to Defendants Cheverko and Mendoza. See Id. Defendants' motion to dismiss Plaintiff's Eighth Amendment claims as against the municipality, its agent, or the four personally involved employees was denied. See Id.

Plaintiff had until November 14, 2020 to file an Amended Complaint. See Id. Plaintiff never amended his complaint. The complaint was answered on November 30, 2020. See Docket Entry # 51. On March 18, 2021, the Court issued a Civil Case Discovery Plan and Order. See Docket Entry # 60.  Pursuant to that order, the parties attended a Telephone Conference on April 19, 2021 at 11:00 a.m. before Magistrate Judge Judith C. McCarthy. See Docket Entry # 61. During that conference, Plaintiff's time to serve Interrogatories and Document Requests was extended to April 30, 2021.  The deadline to complete non-expert depositions was extended to June 11, 2021. See Docket Minute Entry for proceedings held before Magistrate Judge Judith C. McCarthy entered on April 19, 2021. At the conference, Mr. Mateo requested to have a Spanish interpreter available at his deposition. In response, Defendants arranged to have a Spanish interpreter at the deposition. The deposition of Plaintiff was held on May 10, 2021 via Webex Remote Video Conferencing. Before answering any substantive questions, Plaintiff terminated the deposition and insisted he no longer wanted to pursue this his claims. See Exhibit A, Deposition of Franklin Mateo dated May 10, 2021.  Plaintiff was extensively voir dired by defense counsel at the deposition to

verify that plaintiff's decision to terminate the action was made in a conscious and knowing manner, and the decision was made of plaintiff's own free will.

### STATEMENT OF FACTS

This is a 42. U.S.C. § 1983 condition of confinement claim arising out of prison food served at the Westchester County jail.  Generally, Plaintiff alleges that the food is served rotten, stale, undercooked, moldy, unsanitary and cold.  See Docket Entry # 2, p. 1.  Plaintiff asserts allegations pursuant to the Religious Land Use and Institutionalized Person Act of 2000 ("RLUIPA"), Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000 cc-1 (2006); 42 U.S.C. § 2000 bb-1 (2006); and the First, Eighth and Fourteenth Amendments to the United States Constitution. Id. at 2.  Plaintiff also asserts Monell  claims against Westchester County "based on the long-standing pattern of serving inmates rotted foods…" Id. at 3. Plaintiff further alleges that "Defendants collectively, have served inmates substandard foods and/or failed to intervene, while on notice of the foregoing constitutional violations occurring to Plaintiffs have the WCJ."  Id. at 2.

The Complaint contains facts specific to Mr. Mateo, a proffered pretrial detainee.  Plaintiff claims his meals were served undercooked on "contaminated" meal trays with minimal portions and that his "salads were soggy and/or browned."  Id.  Meal trays, according to plaintiff, contained a foul odor "from the rotten water lodged within them."  Id. at 20.   Plaintiff also claims that he discovered hair in his food on "numerous occasions," which he alleges was observed by correctional staff and logged into a complaint book.  Id. at 20.  On November 13, 2017, after another incident in which hair was allegedly found in the food, Plaintiff allegedly attempted to file a grievance with a Sergeant (who is not named as a Defendant) the following day and was informed

to "mail said grievance to Aramark that has nothing to do with this jail". <u>Id.</u> at 21.  Plaintiff

believes this Sergeant violated the grievance procedure and "interfered with Plaintiff's

Administrative Exhaustion process." <u>Id.</u> at 21.  Plaintiff alleges that he experienced vomiting,

nausea and significant weight loss.  <u>Id.</u> at 21.  He does not allege what caused these ailments.

According to the complaint, Plaintiff was seeking a Declaratory Judgment that his rights were

violated under the First, Eighth and Fourteenth Amendments to the United States Constitution;

compensatory damages in the amount of $925,000,000.00, but no less than $10,000,000.00;

punitive damages in the amount of $925,000,000.00, but no less than $10,000,000.00; nominal

damages in the amount of $100,000,000.00 and special damages in the amount of $10,000,000.00.

<u>See</u> Docket Entry # 2 at 27-28.

As stated above, the Court determined that the §1983 <u>Monell</u> claim for failure to properly

train and supervise against Westchester County and Aramark would not be dismissed along with

the Eighth Amendment claims against the four "personally involved" employees: Boissy, Butler,

Kohli and Stewart.  <u>See</u> Docket Entry # 49. Defendants answered claim and the parties entered

into the discovery phase of the litigation.

Plaintiff never responded to written discovery or sent written discovery requests to

Defendants.  As required by the Court's Scheduling Order, Defendants arranged for Plaintiff's

deposition on May 10, 2021 with a Spanish interpreter. <u>See</u> Docket Entry # 60. Immediately after

being sworn in Plaintiff expressed that he was not interested in continuing with his lawsuit:

> PLAINTIFF MATEO (A): I just want to know who this
> person is, Brian.
>
> Q:  Who am I or who is she?
>
> A: You, you, you, sir.

Q: So I'm the attorney who is representing Aramark Correctional Services.[2] My firm defends Aramark Correctional Services. It's one of the defendants that you have sued in your lawsuit?

A: Yes but that's the thing, I don't have any attorney. How can I be represented without an attorney?

Q: Well, my understanding, Mr. Mateo, is that you brought this lawsuit on your own, that you didn't hire a lawyer to bring this lawsuit, that you decided to bring this lawsuit on your own; is that correct?

A: I was assisted. I was assisted to initiate the process.

Q: Okay. But you didn't do that with a lawyer, so you don't have a lawyer, Mr. Mateo. My understanding is that you don't have a lawyer?

A: But it has been already over the user that I started this through the county.

Q: So?

A: I don't want to go with this anymore. I don't want to continue this.

Q: You don't want to do this deposition?

A: No, I don't want to continue in losing time with this. I'm going home next month.

Q: Oh, you're going to get out of jail next month?

A: The next month I'll be out.

Q: Okay. So you're not interested in continuing this lawsuit? You yourself are not interested in continuing this lawsuit?

A: No, no, no.

Q: Are you sure about that?

---

[2] Joseph DeDonato Esq. Represents all defendants in the matter: Aramark Correctional Services, LLC, Manual Mendoza, Charles Butler, Coffey Kohli, Penny Stewart, Craig Boissy, Kevin Cheverko and Westchester County.

A: Yes.

Exhibit A, p. 8, line 8 – p. 9, line 25.

At this point, the attorney deposing plaintiff confirmed on the record that Mr. Mateo did,

in fact, want to stop pursuing his civil claim.

Q: [ ] You started a lawsuit -- your name is on a lawsuit that is filed in the United States District Court for the Southern District of New York and in that lawsuit you and several other inmates sued my client and several other defendants, that's correct right?

A: Yes.

Q: And we are here today, because pursuant that, that lawsuit the defendants have the right to ask you a couple of questions about your lawsuit but you're saying now that you don't want to go forward with this lawsuit because you are going to get out of jail in a month or so?
A: Yes.

Q: Now, you started this lawsuit without an attorney and you do not have an attorney sitting with you today. You don't need an attorney. You can be a pro se litigant but you are sitting without an attorney today?

A: Okay. I don't want to continue with this.

Q: You don't want to continue with this?

A: No, I don't want to continue with this.

Q: Okay. So you're representing yourself in this lawsuit, correct?

A: I don't have an attorney.

Q: Right, so you're representing yourself, that's right, correct?

A: No, I'm not representing myself because I don't want to go on with this.

Q: Okay. So in order to end this lawsuit, Mr. Mateo, which I understand you want to end your part in this lawsuit? That's correct? You want to end your part? You don't want to go forward with this lawsuit?

A: No.

Q: We are done. You don't want to do this anymore? You want to be finished, right?

A: No, not anymore. I don't want this anymore.

Exhibit A, p. 10, line 6 – p. 12, line 2.

Based on Plaintiff's statements, Defendant then asked for a stipulation to dismiss the matter

on the record:

Q: Okay. So I'm going to ask you the following question and you can tell me yes or no. Do you stipulate on the record today that you are hereby withdrawing your lawsuit as a plaintiff against Aramark Correctional Facilities, Aramark Correctional Services? You are withdrawing that complaint with prejudice, do you stipulate to that, yes or no?

A: That is true.

Q: Okay. Is anyone forcing you or threatening you to withdraw your lawsuit, Mr. Mateo?

A: No.

Q: Is anyone paying you or giving you something of benefit to withdraw this lawsuit?

A: No.

Q: Are you under the influence of any kinds of drugs or alcohol which may affect your ability to make the decision to withdraw your lawsuit today?

A: No. Okay. So this is the thing, I have been here for five years and I'm going to be released very soon. I don't want to go on with this I'm just focused on my future and what I'm going to do once I get out of jail. That's what I want to do. I don't want to continue with you with this anymore.

> Q: Are you doing this freely and voluntarily and of your own free will?
>
> A: Yes.
>
> Q: And you don't want to answer any questions today? You're not going to answer any questions today because you're withdrawing your lawsuit correct?
>
> A: I don't want to go on with this anymore. Not anymore.
>
> Q: Okay. All right. Based on the record that has been made, and the Plaintiff's stated intention to voluntary withdraw his complaint against my client and also based on his stated intention to not answer any questions during this deposition because he doesn't want to go along with his lawsuit, I am not going to ask Mr. Mateo any questions.

Exhibit A, p. 12, line 3 – p. 13, line 24.

As shown above, Plaintiff has failed to comply with the deposition requirement and stated that he wants to withdraw his lawsuit. It is clear from his statements that he does not intend to pursue his claims. As such, Moving Defendants respectfully request that this Honorable Court dismiss all the claims asserted against Aramark Correctional Services, LLC, Manual Mendoza, Charles Butler, Coffey Kohli, Penny Stewart, Craig Boissy, Kevin Cheverko and Westchester County pursuant to F.R.C.P. Rule 41(b) and for any other and further relief that this court feels is just and proper.

## LEGAL ARGUMENT

### A.    Standard for Dismissal

Rule 41 of the Federal Rules of Civil Procedure provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Further, "[u]nless the Court in its order

for dismissal otherwise specifies, a dismissal . . . operates as an adjudication upon the merits." Id. "A district court may, sua sponte, dismiss an action for lack of prosecution pursuant to Fed. R. Civ. P. 41(b)." Feurtado v City of NY, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) (citing Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)). "Dismissal pursuant to Rule 41(b) for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court." Id.; See Link v. Wabash R.R. Co., 370 U.S. 626, 633, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962).

Although dismissal is "a harsh remedy to be utilized only in extreme situations," Id. (quoting Harding v. Fed. Reserve Bank, 707 F.2d 46, 50 (2d Cir. 1983)), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." Feurtado, 225 F.R.D. at 477 (citations omitted).

In determining whether a district court has properly dismissed an action pursuant to Rule 41(b), an appellate court considers the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

Id. (quoting Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994) (internal bracketing omitted)). As such, it is appropriate to dismiss all the claims asserted against Defendants by Plaintiff pursuant to F.R.C.P. Rule 41(b). Below, is an analysis of each of these factors as they pertain to Plaintiff.

i.     **Duration**

The duration factor is of limited significance where a party deliberately disobeys court orders. Id. at 478; See Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993) (emphasis added). In such an instance, the impetus for dismissal derives from the willfulness of the party's actions rather than the time period that has elapsed as a result of those actions. Id.

Here, Plaintiff refused to participate in his deposition and stated he no longer wanted to pursue his claim against defendants. Plaintiff's failure to participate makes it impossible for Defendants to defend against Plaintiff's claims. Further, Franklin Mateo has not participated in written discovery. Defendants served Request for Production of Documents on March 29, 2021.[3] To date, well over 30 days as required by Federal Rules, Defendants have not received a response. see generally Shannon v. GE, 186 F.3d 186, 194 n.6 (2d Cir. 1999) (relying upon plaintiff's previous acts of delay during the course of the action to support a finding that the plaintiff's delay warranted dismissal pursuant to Rule 41(b)). Both delays that have occurred in this case are the responsibility of Plaintiff and not the defendants.

There is no time frame specifically identifying the point at which a Rule 41(b) dismissal is warranted. See Copeland v. Rosen, 194 F.R.D. 127, 131-32 (S.D.N.Y. 2000). Thus, "in extreme circumstances, a district court may dismiss a complaint for relatively short delays." Antonios A. Alevizopoulos and Assocs., Inc. v. Comcast Int'l Holdings, Inc., 2000 U.S. Dist. LEXIS 16154, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (citations omitted). In particular, a "short delay" by the plaintiff may "still properly result in dismissal if [plaintiff] had willfully failed to comply with multiple court orders" during the course of the action. Graham v. Sullivan, 1999 U.S. Dist.

---

[3] Interrogatories to Plaintiff were served April 22, 2021.

LEXIS 17172, 1999 WL 1006181, at *2 (S.D.N.Y. Nov. 5, 1999) (citing Hutchins v. A.G. Edwards & Sons, Inc., 116 F.3d 1256, 1260 (8th Cir. 1997)).

Given Plaintiff's willful failure to comply with the Court's Orders, as well as his sworn deposition testimony that he no longer wants to pursue the action, dismissal is warranted. See, e.g., Peart, 992 F.2d at 461 (case dismissed where the "plaintiff's refusal to proceed to trial" caused a delay of ten days and, during the course of the action, the plaintiff violated multiple court orders and failed to confer with defendants in preparing a joint pre-trial order); Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 667 (2d Cir. 1980) (six month delay sufficient to warrant dismissal under Rule 41(b) where plaintiff failed to comply with multiple court orders and "failed to take any other action to move his case to trial" during that period); Lopez v. Catholic Charities of the Archdiocese, 2001 U.S. Dist. LEXIS 387, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissal where plaintiff failed to advance claim for a period of three months, violated several court orders, failed to respond to motions, and failed to appear at scheduled conferences); Kearney v. City of New York, 2003 U.S. Dist. LEXIS 20364, 2003 WL 22682721, at *1-*2 (S.D.N.Y. Nov. 6, 2003).

**ii.    Notice**

The Second Circuit has stated that the adequacy of notice turns on "whether [plaintiff] received notice that 'further delays would result in dismissal.'" United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004) (citations omitted). In the instant matter, Plaintiff made clear his intent to leave this litigation in response to direct questioning:

> Q: Okay. So I'm going to ask you the following question and you can tell me yes or no. Do you stipulate on the record today that you are hereby withdrawing your lawsuit as a plaintiff against Aramark Correctional Facilities, Aramark Correctional Services? You are withdrawing that complaint with prejudice, do you stipulate to that, yes or no?
>
> A: That is true.

15

Exhibit A, p. 12, line 6 –13. In addition, Plaintiff will receive notice of this Motion to Dismiss and have an opportunity to respond or revoke his previous statements under oath. Therefore, upon notice of this motion and Plaintiff's expected failure to respond, dismissal is warranted.

### iii.      Prejudice

The third factor requires an assessment of "whether defendants are 'likely to be prejudiced by further delay.'"Norden Systems, 375 F.3d at 256 (citations omitted). "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." Feurtado, 225 F.R.D. at 480 (citations omitted). Plaintiff's refusal to participate in the deposition, let alone the process of discovery prejudices Defendants' ability to defend themselves to this suit. Plaintiff's failure to provide discovery "will likely cause prejudice not only to defendants . . . but also to this Court's ability to manage its docket." Monge v. O'Connor, 171 F.R.D. 55, 57 (W.D.N.Y. 1997). Accordingly, this factor necessarily favors dismissal.

### iv.      Balance Between Calendar Congestion and Opportunity to be Heard

Under the fourth factor, a court considers "the balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard." Norden Systems, 375 F.3d at 257 (citations omitted). The Second Circuit has cautioned that "a court must not let its zeal for a tidy calendar overcome its duty to justice." Feurtado, 225 F.R.D. at 480 (citing Davis v. United Fruit Co., 402 F.2d 328, 331 (2d Cir. 1968), cert. denied, 393 U.S. 1085, 21 L. Ed. 2d 778, 89 S. Ct. 869 (1969); see also Lucas v. Miles, 84 F.3d 532, 535-36 (2d Cir. 1996) ("There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court.")). Nonetheless, "fairness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources" may

require a district court to dismiss a case pursuant to Rule 41(b). <u>See</u> Chira, 634 F.2d at 668 (internal parentheses omitted); accord <u>Yacub v. Coughlin</u>, 105 F.R.D. 152, 153 (S.D.N.Y. 1985) ("The court cannot permit this litigant, or any litigant, to abuse its scarce resources while many others, desirous and deserving of relief, must patiently await their turn.").

Here, the fact that Plaintiff has plainly stated that he has no interest in this litigation "vastly diminishes his right to have his claim heard by this Court." <u>Feurtado</u>, 225 F.R.D. at 480; <u>see also</u> <u>Dodson v. Runyon</u>, 957 F. Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"). Plaintiff Mateo offered his reasoning for terminating his suit:

> So this is the thing, I have been here for five years and I'm going to be released very soon. I don't want to go on with this I'm just focused on my future and what I'm going to do once I get out of jail. That's what I want to do. I don't want to continue with you with this anymore.

Exhibit A, p. 12, line 25 –13, line, 7. Because Plaintiff has made it clear he has no intention to pursue his action, "it would be unfair to the numerous other litigants who await the attention of this Court" to permit Mateo's suit to remain on the Court's docket. <u>See</u> <u>Feurtado</u>, 225 F.R.D. at 480. Therefore, dismissal is appropriate.

**v.    Consideration of Lesser Sanctions**

The fifth and final factor pertains to "whether lesser sanctions would have been sufficient to remedy any prejudice resulting from plaintiff's delay." <u>See</u> <u>Norden Systems</u>, 375 F.3d at 257 (citation omitted); <u>see also</u> <u>Smith v. Human Resources Admin.</u>, 2000 U.S. Dist. LEXIS 5373, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) (finding that sanctions short of dismissal were "not appropriate" in light of the fact that "court orders and direction have not prompted plaintiff to move her case forward"). Here, Plaintiff has stated under oath that he does not wish to move forward with the instant case, therefore, lesser sanctions would not be appropriate.

**CONCLUSION**

For all of the foregoing reasons, Moving Defendants respectfully request that this Honorable Court dismiss with prejudice all the claims asserted against Aramark Correctional Services, LLC, Manual Mendoza, Charles Butler, Coffey Kohli, Penny Stewart, Craig Boissy, Kevin Cheverko and Westchester County pursuant to F.R.C.P. Rule 41(b) and for any other and further relief that this court feels is just and proper.

Respectfully submitted,

Date: May 21, 2021

By:  *Joseph DeDonato*
Joseph DeDonato Esq.
Bar No. 2333037
Attorney for Defendants
Aramark Correctional Services, LLC.,
Charles Butler, Coffey Kohli, Penny
Stewart, Craig Boissy, Westchester County
and Kevin Cheverko
40 Wall Street, Suite 1002
New York, New York 10005
(646) 565 5043
joseph.dedonato@bbs-law.com

BENNETT BRICKLIN & SALTZBURG, LLC
Joseph DeDonato Esq.
Bar No. 2333037
Attorney for Defendants
Aramark Correctional Services, LLC.,
Charles Butler, Coffey Kohli, Penny Stewart,
Craig Boissy, Westchester County and Kevin Cheverko
40 Wall Street, Suite 1002
New York, New York 10005
(646) 565 5043
joseph.dedonato@bbs-law.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| FRANKLIN MATEO, | : | DOCKET # 7:18-cv-03499-NSR |
| | : | |
| Plaintiff, | : | The Honorable Nelson Stephen |
| | : | Román |
| | : | |
| v. | : | CERTIFICATE OF |
| | : | SERVICE |
| WESTCHESTER COUNTY; WESTCHESTER | : | |
| COUNTY DEPARTMENT OF CORRECTIONS | : | |
| COMMISSIONER KEVIN M. CHEVERKO; | : | |
| ARAMARK CORRECTIONAL SERVICES LLC; | : | May 21, 2021 |
| ARAMARK FOOD SERVICE DIRECTOR | : | |
| MANUEL MENDOZA; ARAMARK KITCHEN | : | |
| CIVILIAN CHARLES; ARAMARK KITCHEN | : | |
| CIVILIAN COLEY; ARAMARK KITCHEN | : | |
| CIVILIAN PENNY; ARAMARK KITCHEN | : | |
| CIVILIAN CRAIG, | : | |
| Defendants. | : | |

TO:   The Clerk of Court and all parties of record

I, Joseph DeDonato, Esquire, being duly sworn according to law certify that a copy

of the Notice of Motion, Memorandum of Law, Proposed Order and copies of Unpublished

Decisions was served on the *Pro Se Plaintiff* at the following updated address:

*Via Regular Mail:*
Franklin Mateo
18-A-2593

1

Orleans Correctional Facility
3531 Gaines Basin Rd.
Albion, NY 14411-9199

                    **BENNETT BRICKLIN & SALTZBURG LLC**

            By:     *Joseph DeDonato*
                    Joseph DeDonato Esq.
                    Bar No. 2333037
                    Attorney for Defendants
                    Aramark Correctional Services, LLC.,
                    Charles Butler, Coffey Kohli, Penny
                    Stewart,
                    Craig Boissy, Westchester County and
                    Kevin Cheverko
                    40 Wall Street, Suite 1002
                    New York, New York 10005
                    (646) 565 5043
                    joseph.dedonato@bbs-law.com

BENNETT BRICKLIN & SALTZBURG, LLC
Joseph DeDonato Esq.
Bar No. 2333037
Attorney for Defendants
Aramark Correctional Services, LLC.,
Charles Butler, Coffey Kohli, Penny Stewart,
Craig Boissy, Westchester County and Kevin Cheverko
40 Wall Street, Suite 1002
New York, New York 10005
(646) 565 5043
joseph.dedonato@bbs-law.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| FRANKLIN MATEO, | : | DOCKET # 7:18-cv-03499-NSR |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | ORDER |
| | : | |
| WESTCHESTER COUNTY, et al., | : | |
| | : | |
| Defendants. | : | |

_____

        AND NOW, on this                              day of                            , 2021, upon

consideration of the Motion to Dismiss of Aramark Correctional Services, LLC, Manual Mendoza,

Charles Butler, Coffey Kohli, Penny Stewart, Craig Boissy, Kevin Cheverko and Westchester

County and it is hereby ORDERED that said Motion is GRANTED and Plaintiff's claims are

dismissed with prejudice.

                                        BY THE COURT:


                                        _____

                                                                                      J